**Clyde Earl HOLLOWAY, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–75–629.**

Court of Criminal Appeals of Oklahoma.

Jan. 27, 1976.

Rehearing Denied April 15, 1976.

Don Anderson, Public Defender, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

### OPINION

BLISS, Judge:

Appellant, hereinafter referred to as Clyde Earl Holloway, was tried before a jury in a two-stage proceeding and convicted of the crime of Unlawful Possession

of Marihuana After Former Conviction of a Drug Offense in the District Court of Oklahoma County, Case No. CRF–74–3975. Punishment was assessed at a term of nine (9) years under the direction and control of the Department of Corrections of the State of Oklahoma. From a judgment and sentence in conformance with the verdict the defendant has perfected his timely appeal.

Briefly stated, the facts presented by the record are as follows: Officer Chris Eulberg of the Oklahoma City Police Department testified that he was on patrol with his partner on November 19, 1974, in Oklahoma County. Around 5:00 P.M. he saw a 1963 Chevrolet turn into the path of an oncoming car. The driver of the second car had to brake to avoid a collision and slid sideways in the roadway. The Chevrolet turned left as Eulberg pursued and then pulled into a driveway. As Eulberg got out of the patrol car, the Chevrolet's driver opened the car door and fell out on the ground. He could produce no drivers license. Eulberg looked through the open door and saw a clear plastic bag containing what appeared to be marihuana on the floor where the driver's feet would be if he were seated in the car. Eulberg arrested the driver, whom he identified in court as defendant, and described him as being "quite belligerent" and threatening. Eulberg sealed the plastic bag in an evidence envelope and placed it in the police narcotics depository.

It was stipulated that the contents of the plastic bag were examined by a chemist of the State Bureau of Investigation, who would, if present, testify that he tested the substance and determined that it was marihuana.

The defendant testified that on August 19, 1974, he had borrowed the white Chevrolet from Augusta Penn about 4:30 P.M. for the purpose of going to the store to pick up some groceries. He picked them up and was returning to her apartment when the police flashed the red light. He turned into a driveway and the police car stopped in the street. The driver approached his car on the left side and Officer Eulberg approached the passenger side. An Officer Price asked for his drivers license and when defendant could not produce one Price had him step out of the car and assume the spread-eagle position against the car. Eulberg was on the other side of the car searching the interior. Defendant was placed in the police car and saw Eulberg rummaging thru the glove box, apparently taking something out. Eulberg then appeared at the police car with a bag apparently containing marihuana. Defendant stated he did not know there was marihuana in the car, denied having seen the bag before, denied falling out of the Chevrolet onto the ground and denied drinking anything or taking anything that day.

After the jury returned a verdict of guilty in the first stage of the proceeding and after the defendant admitted previous convictions for sale of marihuana, the jury assessed punishment at a term of nine (9) years in the State Penitentiary.

The defendant's only assignment of error contends that punishment was improperly enhanced under the recidivism provisions of Oklahoma's Uniform Controlled Dangerous Substances Act.

The relevant punishment provisions of 63 O.S.1971, § 2–402 are as follows:

"A. It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance unless such substance was obtained directly, or pursuant to a valid prescription or order from a practitioner, while acting in the course of his professional practice, or except as otherwise authorized by this act.

B. Any person who violates this section with respect to:

\*    \*    \*    \*    \*    \*

2. Any Schedule III, IV or V substance, marihuana or a substance included in subsection D of Section 2–206 is guilty of a misdemeanor punishable

by confinement for not more than one (1) year. A second or subsequent violation of this section with respect to any Schedule III, IV or V substance, marihuana or a substance included in subsection D of Section 2–206 is a felony punishable by imprisonment for not less than two (2) nor more than ten (10) years."

The defendant argues that his prior convictions for the *sale* of marihuana do not come within the above cited section since it refers only to possession. Therefore he contends that his specific prior convictions can not be used to activate the enhancement provisions of § 2–402.

██ In the recent case of *Patterson v. State,* Okl.Cr., 527 P.2d 596, this Court held that 63 O.S.1971, § 2–412, which reads as follows:

"An offense shall be considered a second or subsequent offense under this act, if, prior to his conviction of the offense, the offender has at any time been convicted of an offense or offenses under this act, under any statute of the United States, or of any state relating to narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs, as defined by this act."

specifically provides, under the fact situation of *Patterson,* that prior federal marihuana convictions can be used to enhance punishment under § 2–401(C). Similarly it is our opinion that § 2–412 may be used to activate the recidivism provisions of § 2–402 and all other relevant sections of the Oklahoma Uniform Controlled Dangerous Substances Act. The defendant's sole assignment is therefore without merit.

This Court has examined the record as a whole and is of the opinion that the defendant received a fair and impartial trial before a jury, that no substantial right of the defendant was prejudiced and that the judgment and sentence appealed from should be and the same is hereby affirmed.

BRETT, P. J., and BUSSEY, J., concur.